**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Korrine Lang and Lloyd Kleppe, as | ) | |
| Co-Personal Representatives of the | ) | |
| Estate of Harlan Kleppe, Deceased, | ) | |
| | ) | **ORDER GRANTING MOTION FOR** |
| Plaintiffs, | ) | **REMAND** |
| | ) | |
| vs. | ) | |
| | ) | Case No. 1:23-cv-157 |
| Cody Rodney Schmitt, | ) | |
| | ) | |
| Defendant. | ) | |

Before the court is a Motion for Remand filed by Plaintiffs on August 30, 2023. (Doc. No. 6). Plaintiffs seek to remand two matters removed by Defendant Cody Rodney Schmitt ("Schmitt"): (1) Kidder County Probate File, In the matter of the Estate of Harlan Kleppe, deceased, Kidder County Case No. 22-2022-PR-00012; and (2) A Kidder County Quiet Title Action titled Korrine Lange and Lloyd Kleppe, as Co-Personal Representatives of the Estate of Harlan Kleppe, Deceased v. Cody Rodney Schmitt, Kidder County Case No. 22-2023-CV-00016. The parties have consented to the court's exercise of jurisdiction over this matter. (Doc. Nos. 5 and 8). For reasons discussed below, Plaintiffs' motion is granted.

I.     **BACKGROUND**

Harlan Kleppe ("Harlan") died on August 31, 2022. (Doc. No. 6-1). Two of Harlan's siblings, Korrine Lang (Korrine") and Lloyd Kleppe ("Lloyd") were appointed as Co-Personal Representatives of Harlan's estate by the state district court in Kidder County, North Dakota. ( Doc. Nos. 6-1 and 6-2 ).

A Notice to Creditors ("Notice") was published in the Steele Ozone & Kidder County Press

on October 12, 19, and 26, 2022.  (Doc. No. 6-4).  It advised that Korrine and Lloyd had been appointed the Co-Personal Representatives of Harlan's estate and that, pursuant to N.D.C.C. § 30.1-19-01, persons with claims against the estate had three months from the first date of the Notice's publication in which to present them.  (Id.).

On January 20, 2023, Schmitt filed a claim against Harlan's estate.  (Doc. No. 6-5). On February 9, 2023, Korrine and Lloyd denied Schmitt's claim on the grounds that it lacked merit and supporting documentation, did not comply with the requirements of N.D.C.C. § 30.1-19-04, and was untimely and therefore barred by N.D.C.C.  § 30.1-19-03.  (Id.).  They advised Schmitt that, pursuant to N.D.C.C. § 30-1-19-04, he had sixty days to either to petition the state district court for an allowance of his claim or commence a proceeding against them.  (Id.).

On February 9, 2023, Schmitt caused a Public Notice to be recorded against the following property of Harlan's in Kidder County (hereafter referred to as the "Subject Property"):

Township 138 North, Range 72 West
Section 16: NEl/4 and SWl/4
Section 21: NEl/4 and Wl/2
Section 29: Nl/2

(Doc. No. 6-7).  He claimed that he had acquired an interest in the Subject Property pursuant to a preliminary agreement he had reached with Harlan prior to his death.   .

On March 21, 2023, Korrine and Lloyd filed an action against Schmitt on behalf of Harlan's estate, seeking to quiet title to the Subject Property. (Id.).  On May 22, 2023, they filed a Motion for Summary Judgment.  (Id.).  On August 7, 2023, state district court in Kidder County held a hearing on the motion.  (Id.).  Finding that the preliminary agreement between Schmitt and Harlan had created no estate, interest in, or encumbrance upon the Subject Property, it issued an order on August 16, 2023, granting the Motion for Summary Judgment and clearing title to the Subject

2

Property of Schmitt's claim.  (Id.).  Judgment was entered that same day.  (Doc No. 6-10).

On August 22, 2023, Schmitt filed an Notice of Removal with this court.  (Doc. No. 1).  He seeks to remove both the quiet title action and the probate of Harlan's estate to this court.  As the basis for this court's exercise of jurisdiction, he cites, among other things, 28 U.S.C. §§ 1331, 1441 and 1446, 28 U.S.C. § 1391,[1] 28 U.S.C. § 1602,[2] the Quiet Title Act,[3]  the Uniform Probate Code. and Electronic Signatures in Global and National Commerce Act ("ESIGN Act").[4]  (Doc. Nos. 1 and 1-1).  He complains of "various willful, systemic depravations of fundamental Rights guaranteed by the Constitution and/or Federal law, and which Depravations are civil violations and criminal violations . . . ." (Doc. No. 1-4) (errors in original).  He goes on to assert that he has an interest in the Subject Property by virtue of his preliminary agreement with Harlan, that he provided one of Harlan's siblings with the preliminary agreement at Harlan's funeral, that Lloyd had the preliminary agreement in his possession by late September 2022, and that Korrine and Lloyd had committed a fraud upon the state district court during the course of the probate of Harlan's estate as they failed to personally serve him with the Notice to Creditors and conspired to conceal his preliminary agreement with Harlan.  He further asserts that the state district court did not have jurisdiction to

---

[1]  28 U.S.C. § 1391 pertains to venue generally as opposed to jurisdiction.

[2]  28 U.S.C. § 1602 pertains to the claims of foreign states and therefore has no applicability in this matter.

[3]  The Quiet Title Act provides subject-matter jurisdiction and a waiver of sovereign immunity for quiet title actions against the United States.  See N. New Mexicans Protecting Land Water & Rts. v. United States, 161 F. Supp. 3d 1020, 1037 (D.N.M. 2016) (citing 28 U.S.C. §§ 1336(f) and 2409(a)).  It has no applicability in the instant action as the United States has not claimed title to the Subject Property and was not party Korrine's and Lloyd's quiet title action.

[4]  The E-SIGN Act does not confer federal question jurisdiction.  See e.g., Yoshimura v. Takahashi, 446 F. Supp. 3d 644, 652 (D. Haw. 2020) ("Plaintiff's reliance on federal law does not alone create federal question jurisdiction. For a case to arise under federal law, federal law must create the cause of action . . . . But no provision of the E-SIGN Act, nor any case interpreting it, recognizes such a private right of action based on the electronic form of a document." (internal citations, quotation marks, and alternations omitted)).

proceed with the quiet title action as the probate of Harlan's estate was "initiated in fraud." (Id.). Interspersed among these assertions are allegations that counsel representing Harlan's estate sent him threatening and intimidating emails, that Lloyd slandered him, and that the Kidder County Sheriff violated his Fourth Amendment rights. (Id.).

On August 30, 2023, Korrine and Lloyd filed a Motion to Remand. (Doc. No. 6). Asserting that removal of the quiet title action and the probate of Harlan's estate by Schmitt was improper as this court lacks jurisdiction, they request that these matters be remanded back to state court. (Id.). They further request that the court order Schmitt to pay the $1,200.00 in attorney's fees that they incurred as a result of the removal. 28 U.S.C. § 1447(c). (Id.).

On September 11, 2023, Schmitt filed a response in opposition to the Motion to Remand, asserting, among other things, that Korrine and Lloyd's request for remand lacks support in both law and fact. (Doc. No. 18).

## II.   APPLICABLE LAW

### A.   Jurisdiction

'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gunn v. Minton, 568 U.S. 251, 256 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Federal courts have original subject matter jurisdiction over claims for alleged violations of federal laws or the United States Constitution. See 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343(3) (jurisdiction for enforcement of federal constitutional and statutory rights). Federal courts also have subject matter jurisdiction over civil actions between parties with complete diversity of citizenship where the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). Complete diversity

exists when no defendant is a citizen of the same state as any plaintiff. <u>OnePoint Solutions, LLC v. Borchert</u>, 486 F.3d 342, 346 (8th Cir. 2007). "In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." <u>Exxon Mobil Corp. v. Allapattah Servs., Inc.</u>, 545 U.S. 546, 553 (2005).

### B.   Removal

28 U.S.C. § 1441 authorizes the removal of state civil actions to federal court. It provides in relevant part that defendants may remove a civil action brought in state court to federal court provided that the federal court either has (1) original jurisdiction, or (2) has jurisdiction on the basis of diversity of citizenship and the amount in controversy exceeding $75,000. 28 U.S.C. § 1441 (a)-(b).

28 U.S.C. § 1446 sets forth the procedure for removal of civil actions from state to federal court. It provides the following in relevant part:

> (a) Generally.– A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) Requirements; generally.– (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> * * *
>
> (d) Notice to adverse parties and State court.– Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice

thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1446(a), (b)(1), and (d).

Because federal courts are courts of limited jurisdiction, removal statutes are strictly construed. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941); see also Dahl v. R.J. Reynolds Tobacco Co., 478 F.3d 965, 968 (8th Cir. 2007) (The district court is required to "resolve all doubts about federal jurisdiction in favor of remand."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Julien v. CCA of Tenn., Inc., 268 F. Supp.2d 19, 21 (D.D.C.2003) ("If a defect in removal procedures ... becomes apparent at any point prior to final judgment, the removal court must remand the case to the state court from which the defendants originally removed the case."); see also Dahl v. R.J. Reynolds Tobacco Co., 478 F.3d 965, 968 (8th Cir. 2007) (opining that the district court is required to "resolve all doubts about federal jurisdiction in favor of remand."); State Farm Fire & Cas. Co. v. Valspar Corp., Inc., 824 F. Supp. 2d 923, 932 (D.S.D. 2010) (opining that the court must "strictly construe the removal statutes against removal and resolve any doubts in favor of remand." (internal citations omitted)).

III.   **DISCUSSION**

A.   **Quiet Title Action**

The court is inclined to grant Korrine's and Lloyd's motion as it pertains to the quiet title action. The quiet title action did not involve any claim arising under federal or the Constitution. Rather, it was brought pursuant to state law. There is no diversity of citizenship between the parties. Harlan was domiciled in North Dakota. Co-Representatives Land and Kleppe are domiciled in

North Dakota.  Schmitt is domiciled in North Dakota.[5]  Consequently, this court has neither federal

question jurisdiction nor diversity jurisdiction over this matter.

As an aside, the court notes that Schmitt's Notice of Removal is untimely.  Schmitt did not

file the notice within 30 of receiving the initial pleading in the quiet title action but rather 6 days

after final judgment entered in the quiet title action.  (Doc. No. 6-10).

**B.        Probate of Harlan's Estate**

The court is also inclined to grant Korrine's and Lloyd's motion as it pertains to the probate

of Harlan's estate.

"The administration of decedents' estates typically is governed by rules of state law and

conducted by state probate courts.  Occasionally, however, disputes between interested parties arise,

either in the probate proceeding itself or elsewhere, that qualify as cases or controversies that federal

courts have jurisdiction to decide."  Marshall v. Marshall, 547 U.S. 293, 315 (2006) (J. Stevens,

concurring). This is not one of the cases that qualifies, however,

This court lacks federal question and diversity jurisdiction over this matter.  The probate of

Harlan's estate does not involve the application of federal law or otherwise raise any constitutional

issues.  And, as noted above, there is not a diversity of citizenship between the parties.[6]

---

[5] In a document captioned "Pleadings for Revocation with Federal Questions," Schmitt states: "On information and belief, all parties reside in this judicial district, and the events giving rise to he claims asserted herein all occurred within this district." (Doc. No. 1-4).  He then goes on to assert that the state district judge created diversity by showing bias to him in the quiet title action.  (Id.).  The notion that statements or rulings by the state district judge creates diversity of citizenship in this case for purposes of the federal statutes governing removal is patently absurd.

[6] Even if parties were of diverse citizenship, this court would likely lack jurisdiction due to the probate exception.  "The probate exception is a judicially-created limitation on federal court subject matter jurisdiction, which prohibits the exercise of jurisdiction even where . . . all the prerequisites for diversity jurisdiction are otherwise present. "Sianis v. Jensen, 294 F.3d 994, 997 (8th Cir. 2002) (citing Markham v. Allen, 326 U.S. 490, 494 (1946)).  It "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court."  Marshall v. Marshall, 547 U.S. 293, 311 (2006) (recognizing that probate exception does not bar federal courts from adjudicating matters outside those confines or probate otherwise within federal jurisdiction.); see also Markham, 326 U.S. at 494 ("It

7

**IV.**    **CONCLUSION**

Plaintiff's Motion to Remand (Doc. No. 6) is **GRANTED**.  The quiet title action (<u>Korrine Lange and Lloyd Kleppe, as Co-Personal Representatives of the Estate of Harlan Kleppe, Deceased v. Cody Rodney Schmitt, Kidder Coun</u>ty, Case No. 22-2023-CV-00016) and the probate of Harlan's estate (<u>In the matter of the Estate of Harlan Kleppe, deceased</u>, Kidder County Case No. 22-2022-PR-00012) are **REMANDED** back to the state district court in Kidder County.  The court will not require Schmitt to reimburse Plaintiffs for the $1,200.00 in attorney's fees they claim to have incurred as a result of the removal as they have not submitted documentation in support of such a award.

**IT IS SO ORDERED.**

Dated this 18th day of September, 2023.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court

---

is true that a federal court has no jurisdiction to probate a will or administer an estate . . . . But it has been established by a long series of decisions of this Court that federal courts of equity have jurisdiction to entertain suits in favor of creditors, legatees and heirs and other claimants against a decedent's estate to establish their claims so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate).